UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM C. SWAN,　　　　　　　　　　　　　　　Case No. 17-cv-1472-pp

　　　　　Plaintiff,

v.

CO KLOWEIN and
DEBBIE,

　　　　　Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 10) AND GRANTING THE PLAINTIFF'S MOTION TO CORRECT HIS COMPLAINT (DKT. NO. 16)**

---

Plaintiff William C. Swan has filed a motion requesting that the court appoint counsel to represent him. Dkt. No. 10. The plaintiff also has filed a motion seeking to correct his complaint by transposing the names of two defendants. Dkt. No. 16.

**I.　Motion to Appoint Counsel**

The plaintiff has asked the court to appoint counsel to represent him. Dkt. No. 10. He asserts that thus far, he has had the help of others in litigating the case, but that he personally does not "have knowledge of the law, the application of the law, or how to litigate (draft documents, etc.)." Id. He states that he is unable to afford counsel, that his imprisonment will limit his ability to litigate, that the issues involved in the case are complex, and that he has limited access to the law library. Id. He also asserts that the case likely will

include conflicting testimony where "counsel would better enable plaintiff to present evidence and cross examine witnesses." Id.

A court has discretion in a civil case to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013); 28 U.S.C §1915(e)(1). Before a court will appoint counsel, however, the person asking for the appointment must make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, to demonstrate a "reasonable effort," a person must tell the court the names of at least three attorneys whom he asked to represent him, and provide the dates of the contact and, if available, the attorney's response.

After a plaintiff demonstrates that he has made a reasonable attempt to hire counsel, the court then will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff has satisfied the first requirement; he attached to his motion letters from four lawyers who declined to represent him. Dkt. No. 10-1. The court will not, however, grant the plaintiff's motion at this time. Although serious, the plaintiff's claims are not complex. The court has been able to understand his claims—that is why the court allowed him to proceed on them. There are only two defendants, and the plaintiff was present for the events that he described in his complaint. At this point, the court concludes that the plaintiff has the ability to represent himself.

After the defendants have been served and have answered the complaint, and after the court enters a scheduling order, the plaintiff will be able to use written discovery (Federal Rules of Civil Procedure 33 and 34) to ask the defendants questions (interrogatories) and to ask them for documents (requests for production) regarding his claims. The court has no reason to think that the plaintiff cannot handle these tasks on his own.

Finally, the court is not ignoring the plaintiff's argument that he is an incarcerated person with limited access to legal resources, that he has no knowledge of the law, and that he can't afford to hire a lawyer. Unfortunately, the vast majority of incarcerated persons who file civil rights actions—and there are many of them—are in the same situation. The court cannot appoint counsel for every single incarcerated person who asks. That is why the court must look at each plaintiff's pleadings and the nature of each plaintiff's case, to determine whether the case is so complex that the plaintiff cannot represent

himself. In this case, at this point, the court determines that the plaintiff can represent himself during the discovery and motions phases of the case.

## II. Motion to Substitute Defendants

In the court's March 5, 2018 screening order, it dismissed defendants Joyce (an Aramark Food Service Supervisor); Correctional Officer Billington; and Sergeant Stacey Butke, because it found that the plaintiff had not alleged sufficient facts to state a claim against them. Dkt. No. 12. The court allowed the plaintiff to proceed on a deliberate indifference claim against Correctional Officer Klowein, and a claim regarding his conditions of confinement against Debbie, an Aramark Food Service Official. Id.

On March 9, 2018, the court received from the plaintiff a motion asserting that throughout his complaint, he had erroneously alleged that Debbie was the Aramark employee who purportedly subjected him to inhumane conditions of confinement, and that Joyce was the Aramark official who allegedly sent him to his cell after he was injured. Dkt. No. 16. He asserts that in fact, it was *Joyce* who was the Aramark employee who had engaged in the purported acts regarding his conditions of confinement, and *Debbie* who was the Aramark official that allegedly sent him to his cell. Id. He requests the court to allow him to amend the complaint to correct these errors.

Because the court has dismissed Joyce, the court will construe the plaintiff's motion to correct his complaint as a motion to substitute Joyce as the proper defendant for his conditions of confinement claim. The court will dismiss defendant Debbie (for the reasons it dismissed Joyce in its March 5,

4

2018 order). The October 26, 2017 will remain the operative complaint, with "Joyce" being substituted for Debbie.

The court notes that the Marshal's Service returned a waiver of service form executed by Debbie. The court will order the Marshal's Service to serve the summons and complaint on Joyce.

**III. Conclusion**

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 10.

The court **GRANTS** the plaintiff's motion to correct errors in his complaint (which the court construes as a motion to substitute defendants). Dkt. No. 16. The plaintiff's original complaint at Dkt. No. 1 shall remain the operative complaint in this lawsuit; however, the court **ORDERS** that "Joyce—Aramark Food Services Supervisor" shall be **SUBSTITUTED** for "Debbie."

The court **DISMISSES** Aramark employee Debbie as a defendant.

The court **ORDERS** that United States Marshal shall serve a copy of the complaint and this order on Aramark employee supervisor Joyce under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will provide the

plaintiff with information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that the defendants shall file a responsive pleading to the complaint.

The court **ORDERS** that the clerk's office shall return this case to Magistrate Judge William E. Duffin for further proceedings.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents or take other actions by the deadlines the court sets, the court may dismiss his case for lack of prosecution. The parties must notify the Clerk of Court of any

change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**