UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM C. SWAN,

        Plaintiff,

v.                                   Case No. 17-cv-1472-pp

CO KLOWEIN and
ARAMARK FOOD SERVICE SUPERVISOR JOYCE,

        Defendants.

**\*\*AMENDED – to include the court's signature\*\***
**DECISION AND ORDER DENYING THE PLAINTIFF'S RENEWED MOTION TO APPOINT COUNSEL (DKT. NO. 32)**

Plaintiff William C. Swan has filed a renewed motion to appoint counsel. Dkt. No. 32. On May 7, 2018, the court denied the plaintiff's initial motion, because the court found that his claims were not complex and that his filings had demonstrated that he was capable of proceeding on his own in the early stages of the case. Dkt. No. 26 at 3-4. In this renewed motion, the plaintiff says that his circumstances have changed. Dkt. No. 32. He explains that for the past eight months, he has been in a program called "'MICA' - Mental Illness Chemical Abuse." As a result, he is in the secure residential treatment unit, and doesn't have access to legal help. Id. He explains that he has a serious mental illness, and is on medication. Id.

As the court explained in its May 7, 2018 order, a court has discretion in a civil case to decide whether to recruit a lawyer for someone who cannot afford

one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). After a plaintiff demonstrates he has made a reasonable attempt to hire counsel on his own, the court will decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)). To decide that, the court looks not only at a plaintiff's ability to try his case but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court previously found that the plaintiff had made a reasonable attempt to hire a lawyer on his own. Dkt. No. 26 at 3. The court still finds, however, that right now, the plaintiff can represent himself. The plaintiff says that he has been in the MICA program for eight months. That would mean that he has been in the program since October 2017—the same month he filed his lawsuit. See Dkt. No. 1. Based on the plaintiff's own statements, it appears that he has been in MICA since the time he filed his lawsuit; being in MICA is not a changed, or new, circumstance.

2

The court can't tell how long the plaintiff has been in the secure residential treatment unit. The court will assume that the prison placed the plaintiff there after he filed his complaint, and his other motion. The court will take the plaintiff at his word, that he does not have access to legal help. Dkt. No. 32. That fact does not change the court's analysis.

The defendants filed their answers to the complaint in May and July. Dkt. Nos. 31 and 33. The next step in the lawsuit is for the court to send out a scheduling order, setting deadlines for the parties to collect information from each other and to file motions. The scheduling order also will contain instructions for the parties. The order, and the instructions, ought to help the plaintiff know what to do next. The next step for the *plaintiff* is to ask the defendants for information about his case. Once he gets the scheduling order, the plaintiff can send to the lawyers for the defendants questions that he'd like the defendants to answer (called "interrogatories") and requests for documents (called "requests for production"). The defendants will have thirty days to give the plaintiff that information. The court believes, based on the plaintiff's renewed motion to appoint counsel, that even with his mental illness, he is capable of asking the defendants questions about his case, and asking them for documents.

As the court has said before, the plaintiff's claims are not complex. See Dkt. 26 at 3. He has described how defendant Joyce treated him before his injury, and how defendant CO Klowein treated him after his injury. He has

3

clearly stated that these defendants were deliberately indifferent to his health and safety. Between the plaintiff's own personal knowledge of what happened to him, and the answers and documents he will get from the defendants, the court believes that he can figure out what happened to him, and state it clearly in a motion (if he decides to file one).

If things become more complicated down the line, and the plaintiff is not able to understand what is happening, he can renew his motion for appointment of counsel.

The court **ORDERS** that the plaintiff's renewed motion to appoint counsel is **DENIED without prejudice.** Dkt. No. 32.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**